Corrine HOFFMAN, Plaintiff-Appellant,

v.

HOSPITAL AFFILIATES, INC. et al.,
Defendants-Appellees.

Supreme Court of Tennessee,
at Nashville.

June 6, 1983.

James Hunter, Jr., Gallatin, for plaintiff-appellant.

C.J. Gideon, Jr., Roger T. May, H. Francis Stewart, Nashville, for defendants-appellees.

## OPINION

BROCK, Justice.

This is a medical malpractice case in which the only issue on appeal is whether the action is barred by the statute of limitations embodied in T.C.A., § 29–26–116.[1]

On November 29, 1979, the plaintiff fell at home in Hendersonville, Tennessee, at which time she claims to have fractured the second, third and fourth metatarsus in her left foot. The following day, she was examined by Dr. Robert Powell at the Hendersonville Community Hospital Emergency Room and Dr. James K. Hitchman, a radiologist, was consulted to review the x-rays. Dr. Powell told the plaintiff that she had no broken bones and suffered only a tendon sprain. On December 4, 1979, she was seen by Dr. Lloyd A. Walwyn, a local orthopedic surgeon, and was advised that she could walk on the injured foot. The plaintiff alleged that she did not discover that the three bones in her left foot were broken until she visited her daughter in Seattle, Washington, and a further x-ray was taken on March 11, 1980.

The gravamen of the plaintiff's complaint is that the Hendersonville physicians failed to diagnose the fracture and that she suffered injuries as a result of their failure. The plaintiff filed her complaint on March 10, 1981, within one year after discovering her injury, but almost sixteen months after the alleged malpractice occurred.

On April 13, 1981, relying upon the one year statute of limitations in malpractice actions set forth in T.C.A., § 29–26–116(a)(1), the defendants filed motions to dismiss. On June 23, 1981, the trial court overruled the defendants' motions to dismiss and granted permission to seek an interlocutory appeal. The Court of Appeals, Middle Section, on August 4, 1981, granted the defendants' application for interlocutory appeal. The court unanimously held that the plaintiff's cause of action was barred by the one year statute of limitations and determined that the savings provision of T.C.A., § 29–26–116(a)(2), was not applicable in this case. On May 24, 1982, this Court granted the application for permission to appeal.

In order to put this issue in proper perspective, it is necessary to examine the precedent established by several key medical malpractice holdings, as well as, the Medical Malpractice Claims Act, hereinafter, the Act.

In *Teeters v. Curry*, Tenn., 518 S.W.2d 512, 517 (1974) this Court adopted the "discovery" rule and held that "the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury." The Court found it difficult to embrace a rule of law which would require a plaintiff to file suit prior to knowledge or his injury or require that he sue to vindi-

---

1. T.C.A., § 29–26–116, reads as follows:

   "*Statute of limitations—Counterclaim for damages.*—(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–3–104.

   "(2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

   "(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

   "(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered."

cate a non-existing wrong at a time when the injury is unknown and unknowable. 518 S.W.2d at 515.

Following the Court's adoption of the "discovery doctrine" applicable to medical malpractice actions, the legislature embodied the doctrine in the Medical Malpractice Claims Act of 1975. At the time the legislature enacted T.C.A., § 29–26–116, this state was in the throes of what was perceived to be a medical malpractice crisis. The insurance companies had become reluctant to write medical malpractice policies because of the huge increase in the number of claims. The legislature exercised its constitutional prerogative to balance competing public policy interests so as to constrain application of the discovery rule by adopting a three-year ceiling, but, at the same time, preserve the salutary aspects of *Teeters* which allowed an innocent plaintiff ample time to bring suit. By limiting the amenability of members of the medical profession to suit for malpractice, the legislature hoped to hold down health care costs and to discourage physicians from ceasing to practice or letting the quality of their services decline through the practice of "defensive medicine." *Harrison v. Schrader*, Tenn., 569 S.W.2d 822, 824, 826 (1978).

The statute of limitations' provisions of the Act has several key elements. Section 1 provides a plaintiff one year after the cause of action accrued to bring suit. Section 2 states that in the event that an alleged injury is not discovered within the one year period, the statute of limitations shall be one year from the date of discovery. However, section 3 provides a three year ceiling to the date of discovery rule. The constitutionality of the three-year limitation was upheld in *Harrison v. Schrader, supra.* Sections (a)3 and 4 provide, however, that this ceiling is not effective in two limited circumstances. If there is fraudulent concealment on the part of the defendant or if a foreign object has been negligently left in a patient's body by the defendant physician, *Hall v. Ervin*, Tenn., 642 S.W.2d 724, 725 (1983), the plaintiff is entitled to commence his lawsuit within one year after such a discovery.

*Foster v. Harris,* Tenn., 633 S.W.2d 304 (1982), is the leading case which construes the statute of limitations in medical malpractice cases. On October 11, 1975, Harris, the defendant dentist, examined Foster, the plaintiff. During the treatment, the defendant lacerated his finger and their blood intermingled. In January, 1976, the plaintiff learned that he was suffering from serum hepatitis, a disease that can be contracted and passed from one person to another only through blood contact. Despite the plaintiff's diligent search to determine the source of his disease, it was not until July 21, 1976, when the plaintiff returned to his dentist's office, that he learned that Dr. Harris was infected with serum hepatitis on October 11, 1975. The complaint was filed on February 11, 1977. We held that the plaintiff's cause of action was timely filed. "It is axiomatic that no judicial remedy was available to this plaintiff until he discovered, or reasonably should have discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced his injuries; and (2) the identity of the defendant who breached the duty." 633 S.W.2d at 305.

The thrust of *Foster* was to construe T.C.A., § 29–26–116(a)(2), specifically defining when discovery occurs. In *Foster* we determined that the injury was discovered upon learning that the source of the disease was a negligent act, clearly determining that the statute of limitations does not run until the existence or identity of a tortfeasor is known. *Foster* was limited to the determination of defining the date of discovery.

In the instant case, the date of discovery is uncontroverted. Both parties contend that the date of discovery of the alleged malpractice occurred approximately three and one-half months from the date of injury. The problem in the case *sub judice* is that the factual pattern does not fit squarely with either section 1 or section 2 of the statute of limitations' provisions.

In the vast majority of cases, the date of injury and the date of discovery are simul-

taneous. The legislature made provisions for the situation in which a discovery date is more than one year after the injury. The legislation did not, however, specifically address what the appropriate period of limitations would be if the alleged negligent act is discovered within the one year period but after the date of injury. Examining the legislative history of the Act, specifically Senator Blank's remarks during debate, one learns that the legislature's intent in passing the Act was to treat medical malpractice cases similarily to personal injury cases. He stated that in those cases in which the malpractice is known, the statute of limitations will be one year. In those situations in which the alleged malpractice is unknown, the legislature provided for a three year ceiling. House Debates, Amendment No. 41, April 24, 1975.

Since the legislature did not specifically provide for the problem before us, we must look to the common law, to fill in the crack left by the legislature's silence. In *Teeters* this Court construed "after cause of action accrued" to mean the date of discovery of the injury. Such an interpretation fits squarely with both the wording of the statute and prior case law. The "discovery" rule would apply only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he has a right of action. Furthermore, the statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred, and, as a reasonable person is not put on inquiry. In the case before us, the plaintiff discovered her injury on March 11, 1980, and, therefore, timely filed her complaint on March 10, 1981. This interpretation eliminates the possibility of the inequitable result that a plaintiff who discovers an alleged malpractice on the 364th day following his injury would be allowed one day to file his suit, whereas, a plaintiff who discovers his injury on the 366th day would be allowed one year to file.

Upon determining that the common law of *Teeters* is applicable to the situation presented in this case, we must reverse the holding of the Court of Appeals. The Court of Appeals interpreted the statute to read "the statute of limitations in malpractice actions shall be one (1) year *from the negligent act;* in the event the alleged injury is not discovered within the said one (1) year *from the negligent act,* the period of limitations shall be one (1) year from the date of such discovery." (Emphasis added.) The Court of Appeals determined that it is necessary to presume a pre-*Teeters* definition in order for the statute to make sense. Applying the statute in such a manner bars the plaintiff's suit. Since the injury was discovered within one year of the negligent act, the savings provisions of T.C.A., § 29–26–116(a)(2), according to the Court of Appeals, affords no relief to the plaintiff. The Court of Appeals further stated that T.C.A., § 29–26–116(a)(3) and (4), adopts the *Teeters* rule of discovery in matters of fraudulent concealment and cases in which a foreign body has been negligently left in a patient's body.

Such a convoluted interpretation of the statute is not in keeping with the standard rules of statutory construction. In *Hamby v. McDaniel,* Tenn., 559 S.W.2d 774 (1977), we reiterated the basic tenet that a statute is to be applied as written. The legislature is deemed to be aware of the construction placed upon a particular statute by this Court and presumed to agree with and adopt a meaning which has previously been employed by the judiciary. Therefore, it is presumed that the legislature knows of previous interpretations of certain terms adopted by the Court. The Court of Appeals' analysis conflicts with the rules of statutory construction set out in *Hamby* and, therefore, we cannot agree with such an analysis.

The judgment of the Court of Appeals is reversed. We hold that the plaintiff's suit was timely filed and remand to the circuit court for a trial on the merits.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.