Katherine G. WOLFE and John Eugene
Wolfe, Plaintiffs-Appellants,

v.

Sidney W. GILREATH,
Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 8, 1985.

Permission to Appeal Denied by
Supreme Court Oct. 28, 1985.

Patrick J. Kennedy, Nashville, for plaintiffs-appellants.

William H. Woods and Lawrence C. Maxwell, Nashville, for defendant-appellee.

## OPINION

FRANKS, Judge.

Plaintiffs charged defendant-attorney with negligently failing to collect interest on judgments the defendant obtained on the behalf of the plaintiffs against the United States of America under the Federal Tort Claims Act. Responding to defendant's motion for summary judgment, the trial court held the action was time barred by T.C.A., § 28-3-104.[1]

The chronology of events pertinent to the issue is:

After plaintiff was inoculated for swine flu in 1976 and suffered a severe reaction, defendant was employed as attorney and filed suit under the Federal Tort Claims Act on behalf of plaintiffs in the United States District Court for the Middle District of Tennessee. That court entered judgments on March 19, 1981 in the amounts of $2,697,799.61 for the injured plaintiff and $225,000.00 for her husband.

---

1. T.C.A., § 28-3-104. *Personal tort actions.*—(a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and actions for statutory penalties shall be commenced within one (1) year after cause of action accrued.

. . . . .

The case was appealed to the Sixth Circuit Court of Appeals and, on May 4, 1982, that court affirmed the judgment as to the husband and suggested a remittitur reducing the injured plaintiff's judgment to $1,764,-327.08. Plaintiff accepted the remittitur and final judgment was entered by the trial court on May 25, 1982. Although the trial judge had awarded plaintiffs interest on their judgments, the plaintiffs learned in defendant's office on August 2, 1982, that the checks satisfying the judgments did not include interest on the judgments. The injured plaintiff in her discovery deposition explained she asked defendant "where is the interest?", and he replied: "I don't know where the interest is." She then asked: "Well, are you going to find out about it?", and he responded: "Yes, I'll find out about it." She further testified that in a "week or two", Dr. Joe Auditore, an expert who had been retained on behalf of plaintiff to assist in the case, came to her home to collect his fee from the judgment and she remarked she hadn't received her interest on the judgment. Auditore responded: "Well, you've lost the interest", and she inquired, "What do you mean?", and he replied: "Well, Sid was supposed to file a paper and Sid didn't file the paper." She further testified she went to the office of the attorney in Jamestown, who she had originally retained in the case and who associated defendant herein for the preparation and trial, and made further inquiry. The attorney told her he didn't know but would "find out". On August 24, 1982, the plaintiff wrote defendant at his Knoxville office the following:

Dear Sir:

I would like to know just what steps have been made to petition the 6th Cir-cuit Court of Appeal for the interest on my court settlement.

I understand you *failed to catch* that they did not put it in their order. You should have petitioned them in, I believe, 10 days for this. [Emphasis original.]

Mr. Wolfe's interest should be paid without petition according to the law.

I wish to hear from you immediately, as to your actions in this matter. If you do not intend to do this, I will seek other legal help and consider you at fault in my losing this interest. You were supposed to be an expert!!

Plaintiff sent a copy of the letter to the attorney in Jamestown and, on August 27, 1982, defendant answered:

Dear Dr. Wolfe:

Your letter of August 24 states that if I do not intend to seek to recover your interest, you will obtain other legal help. It is obvious from your letter that you have already sought other legal help, and I suggest that you continue with that person.

In response to other points in your letter, there is no requirement that the interest be stated in the order from the Sixth Circuit, and therefore, there is no requirement that I petition them for it. They have nothing to do with interest on awards.

The federal statute which applies to interest is 31 USC, § 724(a), which provides that the interest on a judgment be paid only after the judgment becomes final after review on appeal or petition by the United States. Until the judgment in your case became final after review, the judgment would bear no interest.[2]

2. 31 U.S.C., § 724a, states, in pertinent part: [Whenever] a judgment of a district court to which the provisions of subsection 2411(b) of Title 28, United States Code, apply, is payable from this appropriation, interest shall be paid thereon only when such judgment becomes final after review on appeal or petition by the United States, and then only from the date of the filing of the transcript thereof in the General Accounting Office to the date of the mandate of affirmance.

Federal courts have construed the provision to limit the government's liability for post-judgment entered to the period beginning with the date of the filing of the transcript of trial court judgments in the General Accounting Office. *See Reminga v. United States,* 695 F.2d 1000 (6th Cir.1982); *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983).

After the judgment became final in the Sixth Circuit Court of Appeals, the United States had a certain amount of time to petition the Supreme Court of the United States for certiorari. The judgment would bear no interest during that period of time. There is a very short period between the time your award became final after review on appeal and the time it was actually paid, which was a matter of a few weeks at most. If you or your new attorney wish to discuss it further with me, I would be happy to do so. P.S.

Attached is a copy of the law as it applies here.[3]

On March 30, 1983, the injured plaintiff responded to defendant's letter of August 27, 1982, advising that she had employed an attorney "to pursue the matter of the government paying Mr. Wolfe and I interest on the judgment which we obtained in the above case."

Plaintiff's newly retained attorney did petition the Sixth Circuit and the Sixth Circuit modified the original mandate to allow interest. On a petition to reconsider by the United States, the Sixth Circuit, on July 18, 1983, entered an order rescinding its action on the basis the plaintiff failed to file a transcript of the district court's order with the comptroller general.

The complaint in the instant case was filed on November 4, 1983, and plaintiffs insist the statute of limitations was tolled until they actually learned of defendant's failure to file the transcript, as required by statute, in June of 1983, when the United States filed response to plaintiff's application for interest in the Sixth Circuit Court of Appeals. Defendant contends that "assuming he was guilty of any negligence, the Wolfe's cause of action against him accrued in August, 1982."

■ Plaintiff relies on *Ameraccount Club, Inc., v. Hill,* 617 S.W.2d 876 (Tenn. 1981), as controlling, which states, quoting

from *Chamberlin v. Smith,* 72 Cal.App.3d 835, 140 Cal.Rptr. 493 (1977): "A cause of action against an attorney for professional negligence accrued as of the date on which the negligence became irremediable." *Id.,* at 879, 140 Cal.Rptr. 493. Applying this rule to the facts of the instant case, the defendant's professional negligence became irremediable in totality on the date the judgments were paid, since the transcript had not been filed in the General Accounting Office.[4]

The Supreme Court, in *Hoffman v. Hospital Affiliates, Inc.,* 652 S.W.2d 341 (Tenn.1983), held the "discovery" rule applies in cases where the injured party has not discovered and would not be reasonably expected to discover that he has a cause of action. The applicability of this rule, however, was further limited by the court: "Furthermore, the statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred, and, as a reasonable person is not put on inquiry." *Id.,* at 344. This rule was held applicable to acts of legal malpractice in *Sec. Bank & Trust Co. v. Fabricating Inc.,* 673 S.W.2d 860 (Tenn.1983).

■ Plaintiffs did not discover and could not have been reasonably expected to discover their right of action for the interest until it was not forthcoming when the judgment was paid. This event placed plaintiffs upon inquiry and within days they were informed by the expert medical consultant in the case that defendant, in fact, had been guilty of negligence which had caused the loss of the interest on their judgments. More importantly, when plaintiffs made accusations against the defendant, the defendant did not in his response deny his responsibility for the loss of interest but attempted to downplay the cause of action by contending that only a small amount of interest was involved. Plaintiffs, by the time defendant's letter dated August 27, 1982, was received, were

---

3. The attached document was the provision quoted in footnote 2.

4. Loss of interest began accruing when the transcript was not filed following entry of the initial trial court judgment.

chargeable with substantial knowledge that a wrong had occurred. We believe all reasonable persons would agree a reasonable person would have been put upon inquiry on these facts, and the tolling of the statute clearly terminated at this juncture. Accordingly, since this action was filed more than one year from that date, we affirm the judgment of the trial court that this action is time barred by T.C.A., § 28–3–104.

The cause is remanded to the trial court with cost of appeal assessed to appellants.

TODD, P.J., and KOCH, J., concur.