**Teresa Darlene PRICE, Plaintiff–Appellant,**

v.

**Jerrold L. BECKER, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

March 4, 1991.

Permission to Appeal Denied by Supreme Court Aug. 5, 1991.

Hubert D. Patty, Maryville, for plaintiff-appellant.

Howard Vogel, O'Neil, Parker & Williamson, Knoxville, for defendant-appellee.

## OPINION

FRANKS, Judge.

In this action alleging legal malpractice, the trial court granted summary judgment to defendant and we affirm on the basis that plaintiff failed to institute this action within the time required by Tenn.Code Ann. § 28-3-104.

Plaintiff filed her complaint on October 28, 1987 and as a basis of the action averred:

> [T]he defendant, after accepting the plaintiff as a client, negligently failed to execute reasonable care in investigating, negotiating, preparing and pleading the plaintiff's claims under the law, he having previously dismissed a lawsuit in the United States District Court for the Eastern District of Tennessee, at Knoxville, styled *Tresea Darlene Price vs. Charles H. Dean, Jr. Et Al, No. 3-82-430*, without the plaintiff's knowledge or consent, resulting in great financial loss to the plaintiff.

Pursuant to a settlement agreement, plaintiff's action in the United States District Court was dismissed by court order on January 7, 1983. (The order of dismissal was stamped: "Filed January 7, 1982".) The evidence establishes, without disputed facts as hereinafter explained, that plaintiff was aware or knew and approved of the settlement at the time it was made.

 In order to create a disputed issue of material fact, the supporting affidavits must be made on personal knowledge and set forth facts that are admissible in evidence. T.R.Civ.P., Rule 56.05. The affidavits of plaintiff and her relatives do not meet this standard. Plaintiff in her affidavit does state that the settlement was entered without her "knowledge and consent" and that she did not in fact know that there would not be a trial of her lawsuit "until after January 1987". In the face of these assertions, the record also contains her sworn testimonies that she testified at a compensation hearing in late January 1983, before a hearing representative of the U.S. Department of Labor, that her lawsuit in U.S. District Court "had been settled". Two sworn inconsistent statements by a party are of no probative value in establishing a disputed issue of material fact. *See Tibbals Flooring Co. v. Stanfill*, 219 Tenn. 498, 410 S.W.2d 892 (1967); *Ayers v. Rutherford Hosp. Inc.*, 689 S.W.2d 155 (Tenn. App.1984).

 Plaintiff's cause of action accrued as of the date defendant's alleged negligence became irremediable. In this case, that date was the date the order of dismissal in U.S. District Court became final. *See Ameraccount Club, Inc. v. Hill*, 617 S.W.2d 876 (Tenn.1981). The statute would only be tolled during the period when the plaintiff had no knowledge that a wrong had occurred and, as a reasonable person, was not put upon inquiry. *See Hoffman v. Hospital Affiliates, Inc.*, 652 S.W.2d 341 (Tenn.1983); *Wolfe v. Gilreath*, 699 S.W.2d 805 (Tenn.App.1985).

 The record before us establishes the statute of limitations on plaintiff's claim ran one year following the date of entry of the judgment of dismissal of her cause in U.S. District Court in January of 1983. Accordingly, the judgment of the trial court is affirmed with cost of the appeal assessed to appellant.

SANDERS, P.J. (E.S.), and WILLIAM H. INMAN, Special Judge, concur.