47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Don T. DEVORE, Sr., and wife, Kathleen F. Devore,
Plaintiffs-Appellants,
v.
CHAMPION INTERNATIONAL CORPORATION, Defendant-Appellee.
 No. 93-6329.
 United States Court of Appeals, Sixth Circuit.
 Feb. 17, 1995.
 
 Before: RYAN and SILER, Circuit Judges; and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs Don T. DeVore, Sr. and Kathleen F. DeVore[1] appeal the decision of the district court granting the motion for summary judgment in favor of the defendant, Champion International Corporation ("Champion"). DeVore contends that the district court erred when it held that he did not use reasonable diligence in pursuing his cause of action and that his claim is now time-barred. For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 2
 On January 8, 1993, DeVore filed his complaint against Champion. He alleged that he had contracted non-Hodgkins lymphoma as a result of Champion's discharge of dioxin and other toxic chemicals from its mill in Canton, North Carolina into the Pigeon River, which eventually contaminated Douglas Lake where DeVore resides in Tennessee. The district court granted summary judgment for Champion on the statute of limitations issue.
 
 II.
 
 3
 Review of a district court's grant of summary judgment is de novo. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).
 
 
 4
 In the context of the instant case, we must look to applicable Tennessee law as it relates to limitations of actions. Tennessee Code Annotated Sec. 28-3-104(a) states in pertinent part that "[a]ctions for ... injuries to the person ... shall be commenced within one year after the cause of action accrued." The difficulty here is the determination of when DeVore's cause of action accrued.
 
 
 5
 The "discovery" rule was adopted in Teeters v. Currey, 518 S.W.2d 512, 516-17 (Tenn.1974). There, the court held that "the cause of action accrues and the statute of limitations begins to run when the [plaintiff] discovers, or in the exercise of reasonable diligence for his own health and welfare, should have discovered the resulting injury." Id. In Hoffman v. Hospital Affiliates, Inc., 652 S.W.2d 341, 344 (Tenn.1983), the court explained that "[t]he 'discovery' rule would apply to toll the statute of limitations only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he has a right of action." Further, "the statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred, and as a reasonable person is not put on inquiry." Id.
 
 
 6
 DeVore was diagnosed on July 24, 1990, with cancer. He filed this lawsuit January 8, 1993. DeVore argues that until July 1992 he had no possible means of discerning a causal link between the alleged dioxin contamination and his physical condition. He argues that he did not discover that he had a right of action until this time and therefore the statute of limitations was tolled until July 1992 when Dr. Teitelbaum testified in the class action[2] that there was a definite causal link between the exposure to dioxin and DeVore's cancer. We find this argument to be without merit.
 
 
 7
 DeVore admitted that even before he was diagnosed with cancer, he believed that he had been exposed to dioxin and that it was a carcinogen. He admitted his strong suspicions about the possible causal link between exposure to dioxin and his cancer. He was so suspicious that he had conducted an intense investigation which he claimed failed to confirm his suspicions. During the limitations period, DeVore was the representative plaintiff in the class action suit filed on January 4, 1991, against Champion in which Dr. Teitelbaum was retained as an expert. In a deposition given on July 10, 1991, in furtherance of the class action, he admitted that he was afraid his cancer had been caused by dioxin exposure because he had been eating fish out of the lake for years and drinking water from a well located about 75 feet from the lake. Surely, as the representative plaintiff, DeVore knew or should have known of Dr. Teitelbaum's opinion prior to his testimony by deposition in the class action. DeVore had reasonable grounds to believe that he had a cause of action on some date prior to January 8, 1992, one year before this case was filed.
 
 
 8
 Clearly, DeVore believed there was a causal relationship between dioxin and human cancer before he was ever diagnosed with cancer himself. He knew he had been exposed to trace amounts of dioxin. He knew Champion was the source of the dioxin and by July 1990, he knew that he had cancer. After his diagnosis, he participated as a class representative in the class action against Champion. He also testified, in a deposition taken July 10, 1991, that he suspected that the cancer was caused by exposure to dioxin in Douglas Lake but that he had no way to prove it. Not having a way to prove a claim is not the same thing as being unaware of a cause of action. DeVore admittedly never even sought the opinion of a medical expert as to whether he believed there was a causal link between his condition and his exposure to dioxin. DeVore knew of his cause of action more than one year before he filed his lawsuit, but did not bother to pursue it because he did not think he could win.
 
 
 9
 While these facts make DeVore's position extremely sympathetic, they do not make his lawsuit timely. We agree with the district court's determination that DeVore did not use reasonable diligence in pursuing his cause of action and that his claim is now time-barred.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Don T. DeVore, Sr. will be referred to as "DeVore" as he is the one who claims to be injured. Kathleen F. DeVore does not allege separate damages, so her claim is only derivative of her husband's
 
 
 [2]
 DeVore had participated in the previously-filed class action as a class representative which charged Champion with increasing the risk of cancer to riparian property owners