IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 1, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

FRED JOHNS, ADMINISTRATOR OF ) C/A NO. 03A01-9604-CV-00130
THE ESTATE OF SUE EVA JOHNS, )
                              ) GREENE LAW
          Plaintiff,          )
                              ) HON. JOHN K. WILSON,
v.                            ) JUDGE
                              )
TAKOMA ADVENTIST HOSPITAL,    ) AFFIRMED
                              ) AND
          Defendant.          ) REMANDED


DAVID W. BLANKENSHIP, Kingsport, for Plaintiff/Appellant.

ROY F. SATTERWHITE, III, and JAMES H. LONDON, LONDON, AMBURN & THOMFORDE, P.C., Knoxville, for Defendant/Appellee.


O P I N I O N


Franks. J.


In this action for damages for personal injuries to the deceased, the complaint alleged the deceased ?was placed in a room while in defendant hospital, and on April 18, 1991, she was found lying on the floor with injuries about her head

and face.? It was further alleged that ?it was not learned until well after her death, in conversation with the physicians of the plaintiff decedent, that the decedent more likely would have survived for many years had she not fallen . . .?

The complaint was filed on April 23, 1992, and the Trial Court, responding to defendant's motion for summary judgment, held that the statute of limitations had expired prior to the filing of this action. Plaintiff has appealed.

The record relied upon by the Trial Judge included the discovery deposition of plaintiff, the husband of the decedent. He recounted what he observed on the night of April 18, 1991. He testified that as he was proceeding down the hall toward decedent's room he heard a scream, and recognized it to be his wife's voice. He ran to the room and found her lying on the floor with food all over the floor, blood on the floor, and the deceased in a state of panic. He related that she was stretched out and moving her arms and screaming, and he observed her nose bleeding from a cut on her nose and the ?back of her head was bleeding at the stitches.? The deceased had had head surgery to remove a tumor, and had been discharged from another hospital on April 13, following the surgery, but was brought to defendant hospital and admitted through the emergency room, due to complications from her diabetes. Plaintiff testified that a few hours later he removed his wife from the hospital because the doctor had not arrived to administer to her, and he took her to a hospital in Knoxville for treatment and observation.

It is plaintiff's position that he did not know

2

until he talked to the treating physician in Knoxville who repaired the shunt at the situs of her brain surgery, on or about April 24, 1992, that the fall had precipitated a dislodgement of the shunt, and created additional problems for deceased.

Plaintiff insists that summary judgment was inappropriate because ?the statute of limitations that should have applied was not §29-26-116(a)(1), but rather, §29-26-116(a)(2), which simply states '. . . in the event the alleged injury is not discovered within the said one year period, the period of limitation shall be one year from the date of such discovery.'? We cannot agree that the discovery statute is applicable to the undisputed facts of this case.

Both parties cite and rely on *Roe v. Jefferson*, 875 S.W.2d 653 (Tenn. 1994) for different reasons. However, we agree that *Roe* controls the case before us. The *Roe* Court said that in a medical malpractice action the statute of limitations is tolled until the plaintiff discovered or reasonably should have discovered that a breach of duty by defendant occurred which produced injuries, *citing Foster v. Harris*, 633 S.W.2d 304 (Tenn. 1980). The Court also cited *Hoffman v. Hospital Affiliates*, 652 S.W.2d 341 (Tenn. 1983), which held that the discovery statute only applies in cases where the plaintiff does not discover and reasonably could not be expected to discover that she has a cause of action. *Id.* at 656-7. The Court elaborated:

> It is not required that the plaintiff actually know that the injury constitute a breach of the appropriate legal standard in order to discover that he has a ?right of action?; the plaintiff is deemed to have discovered the right of action if he is

3

aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct.

*Id.* at 657.

In this case, plaintiff observed the deceased had fallen from the bed, was bleeding from her nose and the surgical site, and was in a highly agitated state. His concern was such that he removed her to another hospital for treatment the next morning. These undisputed facts are sufficient to put a reasonable person on notice that the deceased had suffered an injury from alleged wrongful conduct of defendant. Accordingly, the statute of limitations ran from the date of injury, and the Trial Court reached the correct result. We affirm the summary judgment granted to defendant.

The cause is remanded with the cost of the appeal assessed to Appellant.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Don T. McMurray, J.

4