JEANNIE FARROW,                          )       Appeal No.
        PLAINTIFF/APPELLANT,             )       03A01-9603-CV-00084
v.                                       )
CHARLES F. BARNETT AND FORT              )       Knox Circuit Court No.
SANDERS PARKWEST MEDICAL CENTER,         )       2-546-95
        DEFENDANTS/APPELLEES.            )

FILED

October 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

WESTERN SECTION AT KNOXVILLE

APPEAL FROM THE KNOX CIRCUIT COURT

AT KNOXVILLE, TENNESSEE

THE HONORABLE HAROLD WIMBERLY, JUDGE

CARL R. OGLE, JR.
P.O. Box 129
Jefferson City, TN 37760
        ATTORNEY FOR PLAINTIFF/APPELLANT

ROBERT H. WATSON, JR.
JOHN C. DUFFY
Watson, Hollow and Reeves, P.L.C.
1700 First Tennessee Plaza Tower
800 South Gay Street
Post Office Box 131
Knoxville, Tennessee 37901-0131
        ATTORNEYS FOR DEFENDANT/APPELLEE
        CHARLES F. BARNETT, M.D.

F. MICHAEL FITZPATRICK
Arnett, Draper & Hagood
2300 First Tennessee Plaza
Knoxville, Tennessee 37929-2300
        ATTORNEY FOR DEFENDANT/APPELLEE
        FORT SANDERS PARKWEST MEDICAL CENTER

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

## MEMORANDUM OPINION[1]

     This is an appeal by plaintiff/appellant, Jeannie Farrow, from two orders of the trial court which granted the motion to dismiss filed by defendant/appellee, Charles F. Barnett, M.D. ("Dr. Barnett"), and the motion for summary judgment filed by defendant/appellee, Fort Sanders Parkwest Medical Center ("the Medical Center"). In its orders, the trial court concluded that plaintiff failed to file her action within the applicable statute of limitations. The facts out of which this controversy arose are as follows.

On 17 August 1995, plaintiff filed a complaint for medical malpractice and alleged the following. Plaintiff visited Dr. Barnett's office on 10 August 1994. He ordered plaintiff to have an MRI performed at the Medical Center. Dr. Barnett gave plaintiff a prescription for Xanax and told her to take the Xanax thirty minutes prior to having the MRI performed. Plaintiff went to the Medical Center on 18 August 1994 to have the MRI performed.[2] As ordered by Dr. Barnett, plaintiff ingested the prescribed dosage of Xanax and the Medical Center performed the MRI. Employees of the Medical Center placed plaintiff in a chair following the MRI procedure and left her unattended. Plaintiff passed out because of the effects of the Xanax and fell from the chair. She was injured when her shoulder and other parts of her body struck the floor.

On 18 September 1995, Dr. Barnett filed a motion to dismiss and an alternative motion for summary judgment. He claimed that

---

[1]
Court of Appeals Rule 10(b):
    The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] Appellants later established the actual date of the procedure was 13 August 1994.

2

plaintiff filed her claim outside the statute of limitations and that he was entitled to a judgment as a matter of law. He also alleged that he did not deviate from the recognized standard of acceptable professional practice. In support of his motion, he filed his own affidavit and a memorandum.

On 21 September 1995, the Medical Center filed a motion for summary judgment. The Medical Center provided affidavit testimony and numerous exhibits proving that it actually performed the MRI on 13 August 1994, not 18 August as alleged in plaintiff's complaint. Because plaintiff filed her complaint on 17 August 1995, the Medical Center contended she filed it outside the applicable statute of limitations.

On 3 January 1996, the trial court entered an order dismissing plaintiff's claims against the Medical Center. The trial court stated: "The Court considered the . . . record as a whole, and found that the motion was well taken and should be sustained on the basis that the statute of limitations had expired prior to the filing of the plaintiff's lawsuit." On the same day, the court entered a second order that addressed Dr. Barnett's motion to dismiss. The court stated: "After hearing arguments of counsel, and considering the record as a whole, the Court found the Motion to be well taken and ruled that Plaintiff had failed to file her action within the applicable statute of limitations." Thereafter, the court dismissed plaintiff's claims against both defendants.

Plaintiff filed her notice of appeal on 30 January 1996. Plaintiff notified the court that she was appealing both the court's orders entered on 3 January 1996. On appeal, plaintiff raised the following issue: "Whether the circuit judge erred in finding that the Plaintiff's complaint was barred on the statute of limitation grounds."

## I.    STANDARD OF REVIEW

Pursuant to the Tennessee Rules of Civil Procedure and Tennessee case law, we must review the court's orders as if both had granted defendants summary judgment. To explain, Rule 12 of the Tennessee Rules of Civil Procedure provides as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

TENN. R. CIV. P. 12.02 (West 1996). Moreover, the Tennessee Supreme Court has held that a trial court converts a Rule 12.02(6) motion into a Rule 56 motion when it considers matters outside the pleadings. *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). A trial court, however, can "prevent a conversion from taking place by declining to consider extraneous matters." *Pacific E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 (Tenn. App. 1995). A matter outside the pleadings is "'any written or oral evidence in support of or in opposition to a pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings.'" *Kosloff v. State Auto. Mut. Ins. Co.*, Ch. App. No. 89-152-II, 1989 WL 144006, at *2 (Tenn. App. 1 Dec. 1989)(quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)).

It is clear that the trial court considered matters outside the pleadings when ruling on both the motion for summary judgment and the motion to dismiss. Thus, the court converted the motion to dismiss into a motion for summary judgment. In both orders, the trial court stated that it had considered the entire record. The record in this case contained numerous matters which did more than reiterate what was in the pleadings. For example, the Medical

Center attached the affidavit of Lisa Little, the radiology technologist who performed the MRI, and three other exhibits to its motion for summary judgment. The affidavit and the exhibits provided information that was not in plaintiff's complaint and corrected information, the date of the MRI procedure, which was stated incorrectly in plaintiff's complaint. This evidence became part of the record. Because the trial court considered the entire record, we must review this case and address appellant's issue pursuant to summary judgment standards.

A trial court must grant a motion for summary judgment when there are no genuine issues of material fact and the law entitles the moving party to a judgment. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). "In making its determination, the court is to view the evidence in a light favorable to the nonmoving party and allow all reasonable inferences in his favor." *Id.* at 215. These same principles apply to this court's review of a trial court's decision to grant summary judgment. *See Gonzales v. Alman Constr. Co.*, 857 S.W.2d 42, 44 (Tenn. App. 1993).

## II. STATUTE OF LIMITATIONS

The applicable statute of limitations provides that medical malpractice cases "shall be commenced within one (1) year after the cause of action accrued . . . ." TENN. CODE ANN. § 28-3-104 (a)(1) (Supp. 1996). In addition, the statutes also provide:

> (a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3 -104.
>
> (2) In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

*Id.* § 29-26-116(a)(1)&(2) (1980). The Tennessee Supreme Court has had numerous occasions to interpret and apply the language of this

5

statute.

Prior to the codification of the discovery rule, the Tennessee Supreme Court recognized its importance in medical malpractice cases. *Teeters v. Currey*, 518 S.W.2d 512 (Tenn. 1974). The *Teeters* court defined when the cause of action accrues as "when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury." *Id.* at 517.

Since the codification of the discovery rule, the Tennessee Supreme Court has defined when the statute of limitations begins to run in cases similar to the one currently before this court. As recognized by the Tennessee Supreme Court, Tennessee Code Annotated section 29-26-116(a) does not "specifically address what the appropriate period of limitations would be if the alleged negligent act is discovered within the one year period but after the date of injury." *Hoffman v. Hospital Affiliates, Inc.*, 652 S.W.2d 341, 344 (Tenn. 1983). In *Hoffman*, the Court used the common law to "fill in the crack left by the legislature's silence."[3] The *Hoffman* court relied on *Teeters* and concluded that the interpretation of when a cause of action accrues found in *Teeters* "fits squarely with both the wording of the statute and prior case law." *Id.* The court then held that the discovery rule applies only when the "plaintiff does not discover and reasonably could not be expected to discover that he has a right of action." *Id.* In addition, the court held that the statute is tolled only when "the plaintiff has

---

[3] *Id.* At the intermediate level, the Middle Section of the Court of Appeals held that Tennessee Code Annotated section 29-26-116(a)(2), the "savings statute," did not apply because the plaintiff discovered the injury within one year of the negligent act. Thus, the court concluded that the plaintiff had one year from the negligent act in which to file his or her complaint. *Hoffman v. Hospital Affiliates, Inc.*, slip op. at 3-4 (Tenn. App. 1 Feb. 1982), *rev'd*, 652 S.W.2d 341 (Tenn. 1982). The facts of *Hoffman* are similar to the present case. In this case, plaintiff claimed that she discovered her injuries twelve to thirteen days after the negligent act.

6

no knowledge at all that a wrong has occurred, and, as a reasonable person is not put on inquiry." *Id.*

In another case, the Tennessee Supreme Court defined the date of discovery. *Foster v. Harris*, 633 S.W.2d 304, 305 (Tenn 1982); *see Hoffman*, 652 S.W.2d at 343. Specifically, discovery occurs when the plaintiff discovers or reasonably should have discovered: "(1) the occasion, the manner and means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty." *Foster*, 633 S.W.2d at 305. In a more recent opinion, the Tennessee Supreme Court held that a plaintiff does not have to have actual knowledge "that the injury constitutes a breach of the appropriate legal standard." *Roe v. Jefferson*, 875 S.W.2d 653, 657 (Tenn. 1994). Instead, the Court held that the plaintiff only needs to be "aware of facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct." *Id.*

To summarize, Tennessee's discovery rule prevents the statute of limitations in medical malpractice case from beginning to run until the plaintiff discovers or in the exercise of reasonable care and diligence should have discovered: 1) facts sufficient to put a reasonable person on notice that he has suffered an injury as a result of wrongful conduct and 2) the existence or identity of a wrongdoer. *Id.*; *Hoffman*, 652 S.W.2d at 343; *Foster*, 633 S.W.2d at 305. Moreover, this rule applies even if the plaintiff discovers the injury within one year of the negligent act. *Hoffman*, 652 S.W.2d at 344. Finally, the rule will not apply if the plaintiff could have reasonably been expected to discover that he or she had a cause of action. *Id.*

The dates relevant to a determination of the issue in this

7

case are as follows. The first date, 10 August 1994, is the date that Dr. Barnett prescribed what plaintiff claims was an excessive dosage of Xanax. Next, plaintiff claims the Medical Center was negligent on 13 August 1994, the date it performed the MRI. Plaintiff contended that her shoulder and back were sore and that she called the hospital on 25 August 1994. The hospital called plaintiff back on 26 August 1994 and requested she come in for x-rays.[4] Plaintiff filed her complaint on 17 August 1995.

It is the opinion of this court that the trial court correctly determined that the statute of limitations bars plaintiff's claims. As previously stated, the discovery rule tolls the statute until a person discovers or in the exercise of reasonable care should have discovered certain facts. Assuming that plaintiff had no knowledge of the fall, it is reasonable to expect that plaintiff would discover the injury, at least the soreness, within a few days after the fall. Had plaintiff exercised reasonable care and diligence for her own health and welfare, she would have discovered facts sufficient to place her on notice prior to 17 August 1994. Note, the record does not contain any evidence that plaintiff was unconscious other than when she passed out on 13 August 1994. Plaintiff was admitted as an out-patient, and as such, she did not remain in the hospital overnight. The record also reveals that plaintiff claims to remember nothing about the MRI or the period she claims Medical Center employee's left her unattended, yet she never inquired into the reasons for her blackout. There is no evidence that plaintiff expected the Xanax to have such an affect. Thus, the simple fact that plaintiff did not remember the MRI or the period thereafter should have, at the very least, put her on notice that something was wrong and caused her to inquire further. *See Housh v. Morris*, 818 S.W.2d 39, 42-43 (Tenn. App. 1991).

---

[4] There is no evidence in the record as to what the x-rays revealed.

For these reasons, the trial court correctly determined that plaintiff's claims were barred by the statute of limitations. The judgment of the trial court is affirmed and remanded for any further necessary proceedings. The costs on appeal are taxed to plaintiff/appellant, Jeannie Farrow.

_____
SAMUEL L. LEWIS, JUDGE


CONCUR:


_____
W. FRANK CRAWFORD, JUDGE


_____
DAVID R. FARMER, JUDGE