IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 30, 2001 Session

## CASSIE GILLILAND, ET AL v. BILLY RAY PINKLEY, ET AL

**Appeal from the Circuit Court for Madison County**
**No. C-99-9     Roy B. Morgan, Jr., Judge**

---

**No. W2000-00982-COA-R3-CV - Filed May 23, 2001**

---

Plaintiffs appeal from a grant of summary judgment in favor of defendant Vision Care Properties, Inc., and the refusal of the trial court to subsequently grant relief under Tenn. R. Civ. P. 60.02. The complaint alleged that the minor child, Cassie Gilliland, was attacked and injured by a vicious dog owned by, and kept at the home of, defendant Billy Ray Pinkley, which residence was leased to Pinkley by defendant Vision Care Properties, Inc. Subsequent to the grant of summary judgment, plaintiffs sought Rule 60.02 relief based upon an affidavit of Pinkley which was inconsistent with his prior affidavit. We affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, Sp. J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P. J., W. S., and DAVID R. FARMER, J., joined.

Scott G. Kirk, Jackson, Tennessee, for the appellants, Cassie Gilliland and Angie Gilliland.

Wesley A. Clayton and Michael A. Carter, Jackson, Tennessee, for the appellee, Vision Care Properties, Inc.

**OPINION**

This is an appeal by the plaintiffs, Cassie Gilliland, a minor child, by and through her next friend and mother, Angie Gilliland, and Angie Gilliland, individually, from an order of the trial court granting summary judgment in favor of defendant Vision Care Properties, Inc. (hereinafter "Vision Care"). Plaintiffs brought suit against Billy Ray Pinkley and Vision Care alleging that the minor child was attacked by a vicious dog owned by Pinkley, and that Pinkley resided on property leased to him by Vision Care. Summary judgment was granted in favor of Vision Care with the trial court concluding that it was undisputed that Vision Care had no notice of the viciousness of Pinkley's dog. Plaintiffs then took default judgment against defendant Pinkley. Shortly after the entry of the order granting summary judgment to Vision Care, plaintiffs filed a Tenn. R. Civ. P. 60.02 motion seeking relief from the judgment. Attached to the motion was an affidavit by Pinkley conceding that his

prior affidavit stated that no agent of Vision Care had reason to know that the dog was vicious. However, in the instant affidavit Pinkley stated he had not thoroughly reviewed the prior affidavit before signing it, and that an agent of Vision Care did, in fact, have reason to believe the dog was vicious. The trial court denied plaintiffs' request for Rule 60.02 relief. Upon review of the record, we affirm the judgment of the trial court.

## BACKGROUND

Our examination of the record reveals the following procedural and factual history:

1.      The complaint alleged that the minor plaintiff was attacked by defendant Pinkley's dog on land bordering the property rented by Pinkley from defendant Vision Care. The complaint further alleged that, although the dog was chained, the chain was not long enough to confine the dog to Pinkley's property.

2.      The complaint further alleged that both Pinkley and Vision Care were aware of the vicious nature of the dog and failed to take proper action to secure it.

3.      Vision Care filed a motion for summary judgment contending the undisputed facts revealed that Vision Care had no notice of the dog's vicious nature, nor the ability to remove the dog from the premises.

4.      There was no written lease agreement between Pinkley and Vision Care and no other agreement relating to the possession and control of the property by Pinkley.

5.      The affidavit and deposition of the president of Vision Care indicated she was unaware that Pinkley kept a dog on the premises and had received no complaints concerning the dog. The affidavit and deposition of the property manager indicated that even though he knew the dog was on the premises, he never observed the dog act viciously, nor had he received any complaints concerning the dog.

6.      Various neighbors and a process server had prior problems with the dog and/or were aware of the dog's vicious nature; however, none of them indicated that this information had been relayed to any agent of Vision Care.

7.      Pinkley's affidavit, filed with Vision Care's motion for summary judgment, indicated that he "never told ... any agent of Vision Care that my chow dog was vicious, dangerous, or that it had ever bitten anyone ..., [and] I had no reason to believe that ... any agent of Vision Care knew or should have known that my chow dog could be considered vicious."

8.     Summary judgment was granted in favor of Vision Care based upon the undisputed fact that it had no notice of the dog's vicious tendencies.

9.     Thereafter, plaintiffs secured a default judgment against Pinkley.

10.     Plaintiffs then filed a Tenn. R. Civ. P. 60.02 motion requesting relief from the summary judgment and attached a second affidavit from Pinkley. Plaintiffs contended they were unaware of the inaccuracy of Pinkley's first affidavit until Pinkley testified at the default judgment hearing. Pinkley's second affidavit indicated that he had not reviewed the first affidavit thoroughly, and his statement that no agent of Vision Care had any reason to know that the dog was vicious was an untrue statement. Pinkley then stated the property manager of Vision Care had observed him restrain his dog on a prior occasion and observed him remove the dog from the carport on subsequent occasions in order to keep the dog away from the property manager.

11.     The trial court denied Rule 60.02 relief finding the plaintiffs had sufficient opportunity to discover Pinkley's testimony prior to the grant of summary judgment, and Pinkley's second affidavit was insufficient to justify relief.

## LANDLORD'S LIABILITY FOR DOG ATTACK

### A. Standard of Review

The trial court's grant of summary judgment is not entitled to a presumption of correctness on appeal. McClung v. Delta Square Ltd. Partnership, 937 S.W.2d 891, 894 (Tenn. 1996). We review *de novo* whether the requirements of Tenn. R. Civ. P. 56 have been met. Mason v. Seaton, 942 S.W.2d 470, 472 (Tenn. 1997). Pursuant to Rule 56, summary judgment may only be granted where there is no genuine, material factual dispute, and when the moving party is entitled to judgment as a matter of law. Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). When ruling on a motion for summary judgment, we must view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in favor of the nonmoving party and discarding all countervailing evidence. White v. Lawrence, 975 S.W.2d 525, 529 (Tenn. 1998).

### B. Analysis

There is no published Tennessee authority relating to the liability of a landlord for injury to a third person by a dog owned and kept by the tenant. However, unpublished opinions of this court indicate that the liability of a landlord requires (1) knowledge or notice of the vicious propensity of the dog, and (2) sufficient retained control over the leased premises to afford an opportunity for the landlord to require the tenant to remove the dog or safely restrain it. Barbara McKenna v. Jackie Jackson, No. 01AO1-9510-CV-00438, 1996 WL 140496, at *2 (Tenn. App. filed March 29, 1996,

at Nashville), *perm. to app. denied* (Tenn. 1996); <u>Kandie Blackwell v. Bobby Westerwall</u>, No. 01AO1-9410-CV-00493, 1995 WL 153351, at *3 (Tenn. App. filed April 7, 1995, at Nashville); <u>Michelle Dionne v. Darin Brown</u>, No. 01A01-9202-CV-00048, 1992 WL 184929, at *2 (Tenn. App. filed August 5, 1992, at Nashville); *see also* <u>Cronin v. Chrosniak</u>, 536 N.Y.S.2d 287, 288 (1988). We adopt these two requirements in order to establish liability of the landlord.

We conclude that the undisputed proof at the time of the hearing of the motion for summary judgment established that no agent of Vision Care had notice or knowledge of the vicious tendencies of Pinkley's dog. The fact that neighbors and others might have been aware of such tendencies does not impute knowledge to any agent of the landlord.

In <u>McKenna</u> this court affirmed the dismissal of a suit against the landlord where there was no evidence that the landlord had any notice that the dog had vicious tendencies. In <u>Blackwell</u> this court remanded for a new trial in a comparative negligence case where the jury could have found that an agent for the landlord had prior knowledge of the dog's vicious tendencies. The <u>Dionne</u> case reversed a directed verdict in favor of the landlord. However, in <u>Dionne</u> the landlord had actual notice of a prior attack by the dog. Thus, we conclude that <u>McKenna</u> is similar to the case at bar and further conclude the trial court properly granted summary judgment to Vision Care based upon lack of knowledge and/or notice of the dog's vicious tendencies.

We further conclude that, although the trial court did not rely upon this ground in granting the summary judgment, the undisputed proof indicates that there was no written lease between Pinkley and Vision Care and no authority of Vision Care to retain control over the leased premises. Such is a requirement for liability of a landlord. <u>McKenna</u>, 1996 WL 140496, at *2. A tenant is entitled to the exclusive possession of the leased premises against the landlord for a landlord retains no rights over leased premises, except such as are reserved in clear and express terms. <u>Southern Bell Telephone & Telegraph Co. v. Yates</u>, 232 S.W.2d 796, 798-99 (Tenn. App. 1950). In both <u>Blackwell</u> and <u>Dionne</u> cited above, there was a written lease relating to the tenant's keeping of animals. Thus, these two cases are distinguishable.

Accordingly, we conclude the trial court properly granted summary judgment.


## RULE 60.02 MOTION

### A. Standard of Review

Our standard of review for the denial of Tenn. R. Civ. P. 60.02 relief was stated by the Tennessee Supreme Court in <u>Underwood v. Zurich Ins. Co.</u>, 854 S.W.2d 94 (Tenn. 1993). A motion for relief based on Rule 60.02 grounds addresses itself to the sound discretion of the trial judge, and the scope of review of an appellate court is to determine if that discretion was abused. *Id.* at 97. The burden is on the party seeking relief pursuant to Rule 60.02 to show that relief should be granted. <u>Steioff v. Steioff</u>, 833 S.W.2d 94, 97 (Tenn. App. 1992).

The party seeking relief from a judgment bears a heavy burden. Rule 60.02 provides an "exceptional remedy." Nails v. Aetna Ins. Co., 834 S.W.2d 289, 294 (Tenn. 1992). Its function is "to strike a proper balance between the competing principles of finality and justice." Jerkins v. McKinney, 533 S.W.2d 275, 280 (Tenn. 1976). It is "an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules." Thompson v. Firemen's Fund Ins. Co., 798 S.W.2d 235, 238 (Tenn. 1990).

## B. Analysis

We find no abuse of discretion by the trial court in denying Rule 60.02 relief. The second affidavit of Pinkley came after default judgment had been granted against him and was contradictory to his first affidavit. Generally, contradictory statements by a witness with respect to the same issue of fact cancel or negate each other. Bowers v. Potts, 617 S.W.2d 149, 155 (Tenn. App. 1981). More specifically, "[t]wo sworn inconsistent statements by a party are of no probative value in establishing a disputed issue of material fact." Price v. Becker, 812 S.W.2d 597, 598 (Tenn. App. 1991). Accordingly, the trial court did not err in denying Rule 60.02 relief.

## CONCLUSION

The granting of summary judgment in favor of Vision Care Properties, Inc. is affirmed. Further, the trial court's denial of Tenn. R. Civ. P. 60.02 relief is affirmed. Costs of appeal are assessed against the plaintiffs-appellants, Cassie Gilliland and Angie Gilliland, and their surety, for which execution may issue if necessary.

_____
JOE G. RILEY, SPECIAL JUDGE