**Mark Allen BLOOMER**

v.

**WELLMONT HOLSTON VALLEY MEDICAL CENTER, et al.**

No. 2:03–CV–435.

United States District Court, E.D. Tennessee, Greeneville.

Jan. 29, 2004.

Olen G Haynes, Arnold, Haynes & Sanders, Johnson City, TN, Mary Lynn Tate, Tate Law Firm, Abingdon, VA, for Mark A Bloomer, plaintiff.

William T Gamble, Wilson, Worley & Gamble, PC, Jimmie C Miller, Hunter, Smith & Davis, Kingsport, TN, for Wellmont Holston Valley Medical Center, Appalachian Orthopaedic Associates, PC, Galen R Smith, M.D., defendants.

### ORDER

GREER, District Judge.

This medical malpractice complaint is before the Court to address the Motions to Dismiss file by the defendants based on a statute of repose defense. The complaint alleges that at the conclusion of a L5–S1 laminotomy and discectomy performed on December 26, 1997, the defendants negligently failed to remove and account for five surgical needles. While the plaintiff continued to experience back pain, only after another physician ordered a roentgenogram on January 30, 2003, did the plaintiff discover that the surgical needles were left in his back. This action was commenced December 3, 2003.

The defendants argue that the plaintiff's complaint is time barred by the provisions of Tennessee Code Annotated Section 29–26–116, which provides in pertinent part:

(a)(1) The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–3–104.

(2) In the event the alleged injury is not discovered within such one (1) year period, the period of limitation shall be one (1) year from the date of such discovery.

(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body, in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

The plaintiffs argue that the "foreign object" exception in Paragraph 4 does not apply to the statute of repose contained in Paragraph 3 of the statute. Neither the Court, nor apparently the parties, has been able to locate a case directly on point. However, there are decisions by both the Tennessee Supreme Court and the Tennessee Court of Appeals that are indicative of how those courts would interpret the legislative intent of the statute.

Justice Brock clearly indicated his reading of the statute as follows:

The constitutionality of the three-year limitation was upheld in *Harrison v. Schrader*, [569 S.W.2d 822 (Tenn.1978) ]*supra.* Sections (a)3 and 4 provide, however, that this ceiling is not effective in two limited circumstances. If there is fraudulent concealment on the part of the defendant or if a foreign object has been negligently left in a patient's body by the defendant physician, *Hall v. Ervin, Tenn.*, 642 S.W.2d 724, 725 (1982), the plaintiff is entitled to

commence his lawsuit within one year after such a discovery.

*Hoffman v. Hospital Affiliates, Inc.,* 652 S.W.2d 341, 343 (Tenn.1983). Likewise, Justice Drowota similarly analyzed the statute, stating:

> The statute of limitations has several key elements. Section 1 grants an injured party one year within which to bring suit after the cause of action has accrued. If an injury is not discovered within the one year time period, Section 2 allows the injured party one year within which to bring suit from the date of discovery, but Section 3 (a statute of repose) imposes a three-year ceiling upon that right. If there is fraudulent concealment on the part of the physician or if a foreign object has been negligently left in a patient's body by the physician, as was the case in *Frazor[ v. Osborne,* 57 Tenn.App. 10, 414 S.W.2d 118 (1966) ]supra,* the injured party is entitled to commence a lawsuit within one year after discovery of the fraudulent concealment or foreign object. *Hoffman v. Hospital Affiliates, Inc.,* 652 S.W.2d 341 (Tenn.1983).

*Stanbury v. Bacardi,* 953 S.W.2d 671, 676 (Tenn.1997). The Tennessee Courts of Appeals have made similar comments in *Cantrell v. Buchanan,* 1989 WL 25598, *1 (Tenn.Ct.App.1989), *Farrow v. Reed,* 1996 WL 497463, *1–2 (Tenn.Ct.App.1996) and *Burris v. Ikard,* 798 S.W.2d 246, 248 (Tenn.Ct.App.1990).

■ The defendants argue that since the language of Paragraph 4, the "foreign object" exception, only references excepting the application of the "time limitation herein set forth," the use of the words "time limitation" indicates the legislature's intent to only toll the "statute of limitations" set out in Paragraph 1, not the statute of repose set forth in Paragraph 3. Notably, Paragraph 3 of the statute does not use the term "repose," but only the term "three (3) years," which is surely meant to be a "time limitation." Of further note is that Justice Brock apparently uses the term "limitation" synonymously with repose in *Hoffman.*

The historical notes to § 29–26–116 indicate that the statute was formerly known as § 23–3415. When Volume 5 of the Tennessee Code was replaced in 1980, the former two-tier numbering system was replaced with the current three-tier system. *See* "Publisher's Note," Tennessee Code Annotated, Volume 5, page v. (1980). When renumbered by the Code Commission, the statute's wording was changed to break up what was once one paragraph into four separate paragraphs. Pursuant to Tennessee Code Annotated Section 1–1–108, the Code Commission has the authority to make such changes in the wording of an act, even to the extent of omitting certain clauses, so long as the Commission does "not alter the sense, meaning or effect of any act."

Prior to the changes made by the Code Commission when § 23–3415 was renumbered as § 29–26–116, the statute read as follows:

> Statute of limitations Exceptions (a) The statute of limitations in malpractice actions shall be one (1) year as set forth in s 28–304; **provided, however, that** in the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery; **provided further, however, that** in no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action

exists, **and provided still further that** the time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within one (1) year after the alleged injury or wrongful act is discovered or should have been discovered. (Emphasis added to reflect the wording changes). While it was useful to the Code Commission to do away with the connecting words, highlighted in boldface above, to break up the single paragraph into multiple paragraphs, when read with the connecting words in place, which were likewise included in the act prior to its codification, the intent of the legislature that the discovery of a foreign object by a patient be an exception to the three year limitation period becomes even clearer. *See* 1975 Pub. Acts, c. 299, § 15.

While the defense would surely argue that the legislature's assent to the Code Commission's removal of the phrases from the original statute by the annual passage of the Codification Act by the legislature indicates the legislature's intent to make a substantive change to the statute, such is not the case. Tennessee Code Annotated Section 1–2–114 provides that clauses omitted by the Code Commission pursuant to its Section 1–1–108 authority still remain valid in construing the legislative intent of the codified portions of the acts. Section 1–2–114 further provides that where a portion of an act is deleted "for reasons other than repeal, supersession, or unconstitutionality," "the portion so removed shall be revived and continued in the same force and effect it had as a separate act prior to codification." Thus, the Court will read Section 29–26–119 as inclusive of the words omitted from the original, unrepealed act, Section 23–3415. ■ In short, the Court finds the defendants' reading of the statute to be strained at best. In construing a statute, the "legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application." *State v. Blackstock,* 19 S.W.3d 200, 210 (Tenn.2000). The defendants would have the Court read into the statute that "time limitation" really means "statute of limitations." It is not up to the Court to read language into the statute that is not present. "Time limitation" must be given its "ordinary and natural meaning." *See State v. Thompson,* 43 S.W.3d 516, 525 (Tenn.Crim.App.2000). The Court is of the opinion that the ordinary and natural meaning of "time limitation," in Paragraph 4 is inclusive of *any* limitation of time set forth in § 29–26–116, which includes the three year time limitation set out in Paragraph 3. To otherwise hold would make the language of Paragraph 4 superfluous, as giving the statute the defendants' reading would make Paragraph 2, dealing with undiscovered injuries, encompass the exception of paragraph 4. The Court's reading of this statute becomes particularly clear given the clause "and provided still further that" which was omitted from the codification in 1980.

Accordingly, the defendants' motions to dismiss are **DENIED.** [Docs. 2 & 3].