IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 4, 2011 Session

## CAROLYN L. DENTON-PRELETZ, ET AL. v. SUSAN L. DENTON

**Appeal from the Chancery Court for Cumberland County**
**No. 2008-CH-126    Ronald Thurman, Chancellor**

_____

**No. E2010-01756-COA-R3-CV-FILED-NOVEMBER 8, 2011**

_____

This appeal concerns a note executed by Robert Denton ("Husband") and Susan L. Denton ("Wife") and payable to Husband's sister, Carolyn L. Denton-Preletz ("Lender"). When Lender sought recovery of the note, Wife denied liability and filed a motion for summary judgment, asserting that the statute of limitations for recovery of the note had passed. The trial court granted the motion and dismissed the case as it related to Wife. Lender filed a motion to alter or amend the order and a motion to amend the complaint, which were denied. Lender appeals. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Robert L. Barr, Jr., Atlanta, Georgia, and D. Brent Gray, Jacksboro, Tennessee, for the appellants, Carolyn L. Denton-Preletz and Carolyn L. Denton-Preletz, as Trustee of the Carolyn L. Preletz, Living Trust.

Joe M. Looney, Crossville, Tennessee, for the appellee, Susan L. Denton.

### OPINION

### I. BACKGROUND

Lender agreed to loan Husband and Wife (collectively the "Borrowers") $309,000. On October 24, 1986, Borrowers executed a note evidencing the loan. The note provided,

For value received, the undersigned promise to pay to the order of [Lender] [t]he sum of [$309,000], with interest at the rate of [8 percent] per annum; said principal and interest shall be payable as follows: Payments will be made at the rate of $12,000 annually following the retirement of the FHA obligation.

All installments of principal and interest are payable in lawful money of the United States at Crossville, Tennessee, or at such place as the holder of this note may designate.

If default should be made in the payment of this note when due, or if any installment payment under this note should be in default for as much as 365 days, the entire principal sum and accrued interest shall be, at once, due and payable without notice at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of default in the payment of this note, and if the note is collected by an attorney at law, the undersigned agree to pay all costs of collection, including a reasonable attorney's fee.

The makers and endorsers severally waive presentment, protest, and demand, notice of protest, demand and dishonor and nonpayment of this note, and expressly agree that this note, or any payment thereunder, may be extended from time to time without in any way affecting [the] liability of the makers and endorsers hereof.

This note is secured by a trust conveyance of even date herewith.

The "FHA obligation" referred to the Borrowers' execution of a deed of trust to the Farmers Home Administration on December 7, 1979. The deed was not attached to the note. The maturity date of the FHA obligation was December 7, 1999. The Borrowers satisfied the FHA obligation in 1991 but failed to inform Lender that the obligation had been fulfilled.

In February 2007, Lender asked Husband when the FHA obligation would be fulfilled. Husband told Lender that the obligation had been fulfilled, and Lender demanded payment. Husband eventually agreed that the note was due and payable, but Wife refused payment. Lender filed suit on May 28, 2008, claiming that the Borrowers had breached their contract by failing to remit payment when the FHA obligation was fulfilled, that she did not know the terms of the FHA obligation, that she believed the FHA obligation remained unpaid, and that she relied on the Borrowers' representations. Husband provided an affidavit for Lender, acknowledging that the "FHA obligation was satisfied early and did not go to term" and that

he and Wife "forgot to inform" Lender. An agreed judgment was entered against Husband for $861,589.40, including the principal amount of the note, interest, and attorney fees.

Following the filing of Lender's complaint, Wife again denied liability on the note. Wife alleged that the complaint failed to state a claim upon which relief could be granted, that the debt had been forgiven, and that Lender was barred from recovery on the note because the applicable statute of limitations had passed and because of the equitable doctrine of laches. Wife filed a motion for summary judgment, asserting that there were no genuine issues of material fact. She said the note did not "state a final maturity date" and would "never pay out because the annual accrual of interest exceed[ed] the annual payment called for." She opined that the note was a demand note, that the applicable statute of limitations was ten years, and that demand for payment should have been made in 1996. She stated that no payments had been made and that no demand for payment was made prior to 2007. She claimed recovery on the note was barred by the statute of limitations.

Lender conceded that the note was a demand note and that the applicable statute of limitations was ten years. She alleged that the earliest date she could have demanded payment was December 7, 1999, the maturity date of the FHA obligation, and that the statute of limitations did not begin to run until that date. She said that it would have been "disingenuous, if not fraudulent," for the Borrowers to prepare a note that precluded demand for payment until after the passing of the statute of limitations. She claimed that summary judgment was inappropriate because the facts of the case required application of the discovery rule, necessitating a factual determination regarding whether she made a timely demand for payment. She claimed that Wife could not assert a statute of limitations defense because by failing to inform her that the FHA obligation had been fulfilled, Wife did not meet the implied contractual obligation of good faith and fair dealing.

Following a hearing, the trial court granted Wife's motion for summary judgment and dismissed the case as it related to Wife. The court found that the note was a demand note and that the applicable statute of limitations was ten years pursuant to Tennessee Code Annotated section 47-3-118(b). The court further found that the FHA obligation was satisfied in 1991. The court held that the discovery rule did not apply because evidence of the satisfaction of the FHA obligation was filed in Cumberland County, providing notice "to all of the world of their contents" pursuant to Tennessee Code Annotated section 66-26-102. The court dismissed the case, further holding that there was "no genuine issue of any material fact and that [Wife was] entitled to a judgment of dismissal as a matter of law."

Shortly thereafter, Lender filed a motion to alter or amend the order dismissing the case, alleging that the court improperly granted summary judgment following its erroneous reliance on Tennessee Code Annotated section 66-26-102. She claimed that she should not

have been bound by a "duty to search land records on a continual basis for an event that might trigger a subsequent duty to act." She claimed that the discovery rule applied to her case, requiring a weighing of the evidence and precluding summary judgment. She asserted that the recording of the satisfaction of the FHA obligation was "a factor to be considered when determining the reasonableness of [her] conduct" under the discovery rule.

After hiring new counsel, Lender filed a motion to amend her complaint. She asserted that Husband's reaffirmation of the debt and Wife's fraudulent misleading of Lender tolled the statute of limitations. Lender said she asked family members about the Borrowers' financial condition "repeatedly and directly" and was told "they were not doing well." Lender claimed the Borrowers accepted expensive gifts and travel, leading her to believe that "they were financially inept and unable to provide for themselves." She asserted that the Borrowers knew she relied on their trustworthiness because she lived across the country and would not be able to check whether the FHA obligation had been fulfilled.

Wife responded to the motion to alter or amend the order by asserting that Lender had attempted to "reargue" the same issues. She believed the statute of limitations could not be tolled because Lender had agreed at the hearing on the motion for summary judgment that there were no allegations of fraud or misrepresentation. She opined that the discovery rule did not apply because Lender failed to exercise reasonable care and diligence in determining when the obligation had been fulfilled and because application of the rule would be inconsistent with the statute of limitations applicable to demand notes. She claimed that application of Tennessee Code Annotated section 66-26-102 was merely one item the court took into account in granting the motion for summary judgment.

Wife responded to the motion to amend the complaint by asserting that the motion was untimely and raised issues that had not been suggested in prior pleadings but that were discoverable prior to the filing of the initial complaint. She claimed that the issues raised in the motion were also contradictory to the positions taken by Lender in prior pleadings and hearings and that the doctrine of judicial estoppel should prevent Lender from raising those issues. She said that the reaffirmation of the debt occurred 18 months prior to the filing of the motion. Wife asserted that Lender's attorney "conceded and stipulated" at the hearing on the motion for summary judgment "that there was no suggestion that [Wife] had at anytime engaged in any fraud or misrepresentation [] or that [Wife] had fraudulently concealed the running of the statute of limitations."

Lender's prior attorney subsequently filed an affidavit in which he stated,

To the best of my knowledge, recollection, and belief no stipulation as to the issue of fraud was made. As there was no allegation raised in the pleadings

that we filed that [Wife] had engaged in fraud or misrepresentation or that affirmative action to conceal the running of the statute of limitations was taken, I, as [Lender's] counsel, do not recall having specifically addressed the same.

Shortly thereafter, Lender's attorney filed another affidavit. He said Lender was not present at the hearing on the motion for summary judgment. He had "no specific recollection" of the discussion of fraud but said that if the court inquired on that issue, he "would have responded that [he] had not alleged fraud as a cause of action at that juncture." He asserted that he had engaged in "minimal discovery" prior to the hearing and that "all issues and theories are rarely known until all discovery is completed." Relative to whether he provided a stipulation, he said, "I state definitively that no such stipulation was ever made, nor was one contemplated. Any such stipulation would have been made in writing or, at a minimum, made on the record." He further stated, "At no time would I or anyone from my firm, to my knowledge, enter into such a stipulation that would effectively dismiss a possible issue at such an early stage of the proceedings in the absence of further discovery."

Following arguments of counsel, the trial court denied the motion to alter or amend the order and the motion to amend the complaint. Relative to the complaint, the court found that "in answer to a specific inquiry by the [c]ourt," Lender's counsel had "represented that fraud and misrepresentation were not issues in the case[] and that [Lender] made no allegation of fraud and misrepresentation." The court held that Lender's attempts to "raise the issues of fraud and misrepresentation [were] foreclosed." This appeal followed.

## II. ISSUES

We restate and consolidate Lender's issues on appeal as follows:

A. Whether the trial court erred in granting the motion for summary judgment after finding that Lender's suit was time-barred.

B. Whether the trial court erred in denying Lender's motion to alter or amend the court's order of summary judgment.

C. Whether the trial court erred in denying Lender's motion to amend the complaint after summary judgment had been granted.

### III.  STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d).  The trial court's conclusions of law are subject to a de novo review with no presumption of correctness.  *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).  Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

### IV.  DISCUSSION

#### A.

Lender contends that the court erred in granting summary judgment because there were genuine issues of material fact.  Lender asserts that the trial court improperly relied on Tennessee Code Annotated section 66-26-102 and that pursuant to the discovery rule, the statute of limitations did not begin to run until she became aware that the FHA obligation had been fulfilled.  Wife responds that the trial court did not err in granting the motion for summary judgment.  She asserts that the court could not apply the discovery rule because Lender was not delayed or deterred from demanding payment when the satisfaction of the condition precedent was documented in public records and when she could have asked the Borrowers whether the condition had been fulfilled.

Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts.  Tenn. R. Civ. P. 56.04.  A properly supported motion for summary judgment "must either (1) affirmatively negate an essential element of the nonmoving party's claim; or (2) show that the nonmoving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 9 (Tenn. 2008).  When the moving party has made a properly supported motion, the "burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5; *see Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993).  The nonmoving party may not simply rest upon the pleadings but must offer proof by affidavits or other discovery materials to show that there is a genuine issue for trial.  Tenn. R. Civ. P. 56.06.  If the nonmoving party "does not so respond, summary judgment, if appropriate, shall be entered."  Tenn. R. Civ. P. 56.06.

On appeal, this court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *See City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn. 1997). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox. County Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995).

The applicable statute of limitations for demand notes is ten years when no demand for payment is made and when "neither principal nor interest on the note has been paid for a continuous period of ten (10) years." Tenn. Code Ann. § 47-3-118(b). Additionally, actions on demand notes must be "commenced within ten (10) years after the cause of action accrued." Tenn. Code Ann. § 28-3-109(c).

The note was executed on October 24, 1986, and Lender did not demand payment until 2007. The complaint on the note was not filed until May 28, 2008. The terms of the note provided that payment should be remitted when the FHA obligation was fulfilled. We believe the cause of action accrued in 1991, when the condition precedent was fulfilled. Thus, Lender's claim was barred because she waited 16 years from that date to inquire about the obligation and demand payment and because no payments of principal or interest were made for a continuous period of 10 years.

Lender asserts that the discovery rule should be applied to her case to toll the statute of limitations. She believes that the statute of limitations should run from 2007, the time in which she learned that the obligation had been fulfilled. We, like the trial court, believe that application of the discovery rule to this case was unwarranted. The discovery rule applies "only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he [or she] has a right of action." *Hoffman v. Hospital Affiliates, Inc.*, 652 S.W.2d 341, 344 (Tenn. 1983). "Furthermore, the statute is tolled only during the period when the plaintiff has no knowledge at all that a wrong has occurred, and, as a reasonable person is not put on inquiry." *Id.* When applying the discovery rule, determining "[w]hether the plaintiff exercised reasonable care and diligence in discovering the injury or wrong is usually a fact question for the jury to determine." *Wyatt v. A-Best, Co., Inc.*, 910 S.W.2d 851, 854 (Tenn. 1995); *see McIntosh v. Blanton*, 164 S.W.3d 584, 586 (Tenn. Ct. App. 2004). Nevertheless, if undisputed facts show "that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of defendant's wrongful conduct, Tennessee case law has established that judgment on the pleadings or dismissal of the complaint is

appropriate." *See Schmank v. Sonic Auto., Inc.*, No. E2007-01857-COA-R3-CV, 2008 WL 2078076, at *3 (Tenn. Ct. App. May 16, 2008) (citations omitted).

Records indicating the FHA obligation had been fulfilled were filed in the county register's office, providing some form of notice to Lender that the obligation had been fulfilled. *See* Tenn. Code Ann. § 66-26-102; *see also* Tenn. Code Ann. § 66-24-101(a)(9). We acknowledge that Lender did not live in Tennessee and that it would be cumbersome for Lender to continually check the records of the register's office in Tennessee to ascertain when the FHA obligation had been fulfilled. *See generally Hutchison v. Estate of Nunn ex rel. Ozier*, No. W2004-00578-COA-R3-CV, 2004 WL 3048970, at *5 (Tenn. Ct. App. Dec. 30, 2004). However, at the very least, Lender should have inquired about the FHA obligation at the time the note was executed.[1] Instead, Lender waited 21 years to inquire about the note and 22 years to bring a cause of action on the note. Given these facts, the discovery rule cannot be applied to Lender's case because she failed to exercise reasonable care and diligence in discovering her injury, namely the failure of the Borrowers to remit payment according to the terms of the note.

Lender asserts that she delayed demand on the note because of the Borrowers' representations. Absent allegations of fraud, her reliance on the Borrowers' representations was not enough to obviate her duty to exercise reasonable care and diligence in discovering her injury. Lender used the Borrowers' representations as the basis for her allegations of fraud that were included in the motion to amend the complaint but stopped short of alleging fraud in the initial complaint or in response to Wife's motion for summary judgment. At the hearing on the motion for summary judgment, the trial court inquired as to whether Lender was asserting fraud as a defense to the statute of limitations. While counsel's response on Lender's behalf at that hearing is a source of contention in this appeal, counsel admitted that they had not raised fraud as an issue at that point in the case.

Following Wife's properly supported motion for summary judgment, Lender bore the burden of production "to show that a genuine issue of material fact exist[ed]." *Hannan*, 270 S.W.3d at 5; *see Robinson*, 952 S.W.2d at 426; *Byrd*, 847 S.W.2d at 215. Lender simply failed to carry that burden. If Lender had raised allegations of fraud at the hearing on the motion for summary judgment, she would have raised a material question of fact, precluding summary judgment. *See Pero's Steak and Spaghetti House v. Lee*, 90 S.W.3d 614, 625 (Tenn. 2002); *Benton v. Snyder*, 825 S.W.2d 409, 414 (Tenn. 1992). Accordingly, we

---

[1] We recognize that the terms of the FHA obligation provided a maturity date of December 7, 1999, several years after the obligation was actually fulfilled. If Lender had inquired about these terms, she would have been able to demand payment within ten years of the accrual of the cause of action, thereby complying with the applicable statute of limitations.

conclude that the trial court did not err in granting the motion for summary judgment because no genuine issues of material fact existed at that time.

B.

Lender contends that the court erred in failing to reverse the order dismissing the case because the court's application of Tennessee Code Annotated section 66-26-102 was erroneous and because the discovery rule tolled the statute of limitations. Lender asserts that when allegations of fraud were raised, the trial court should have allowed her to conduct discovery on the issue. Wife responds that the trial court did not err in applying the statute because the satisfaction of the condition precedent was not inherently undiscoverable. Wife asserts that the doctrine of judicial estoppel precluded the court's consideration of fraud and that the alleged fraud occurred before the complaint was filed and was discoverable.

A party may file a motion to alter or amend a judgment within 30 days after the entry of the judgment. Tenn. R. Civ. P. 59.04. This court reviews a trial court's decision to deny a motion to alter or amend a judgment under an abuse of discretion standard. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). "The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final." *In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005). These motions should "be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice." *Id.* These motions "should not be used to present new, previously untried or unasserted theories or legal arguments." *Id.* If new evidence is raised in a motion to alter or amend a grant of summary judgment, the court should consider "the moving party's effort to obtain the evidence in responding to the summary judgment; the importance of the new evidence to the moving party's case; the moving party's explanation for failing to offer the evidence in responding to the summary judgment; the unfair prejudice to the non-moving party; and any other relevant consideration." *Stovall*, 113 S.W.3d at 721 (citing *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000)).

The arguments regarding the application of Tennessee Code Annotated section 66-26-102 and the rejection of the discovery rule did not raise any new issues but were merely objections to the trial court's reasoning contained in the order granting summary judgment. While Lender may disagree with the court's application of the notice statute and the court's rejection of the discovery rule, the trial court did not apply an incorrect legal standard in reaching either decision. Additionally, we affirmed the court's grant of summary judgment. *See generally Stovall*, 113 S.W.3d at 723 (concluding that reversal of a court's grant of summary judgment necessarily required reversal of that court's denial of a motion to alter or

-9-

amend the grant of summary judgment). Accordingly, we conclude that the trial court did not err in denying the motion to alter or amend on these grounds.

The allegations of fraud and Husband's revival of the debt were not raised in the motion to alter or amend the order dismissing the case but were raised in the motion to amend the complaint. Argument on both motions was considered simultaneously and rejected in the same order. Thus, we will consider these arguments as they relate to the motion to alter or amend the order. These arguments had not been raised in the complaint or at the hearing on the motion for summary judgment; thus, Lender presented new evidence for the court's consideration.

Relative to the allegations of fraud, Lender asserts that Wife had an implied duty to disclose that the condition precedent had been satisfied and that once this issue was raised, the court should have considered the evidence and determined that factual issues remained, precluding summary judgment. Lender's argument on this issue may have prevailed at the hearing on the motion for summary judgment but is without merit at this point in the case. Likewise, Lender's assertion that the court erroneously relied on counsel's alleged stipulation that fraud was not raised is equally without merit. Whether counsel stipulated that fraud was not an issue in response to the court's questioning is of no importance at this point in the case. At issue is whether the evidence regarding fraud and Husband's revival of the debt was discoverable prior to the hearing on the motion for summary judgment because a motion to alter or amend a court's order should not raise evidence that was available prior to the court's ruling, absent a satisfactory reason. *Id.* at 721. The evidence regarding fraud was available but was not raised as an allegation of fraud. Additionally, Husband's alleged act of revival of the debt occurred prior to the court's hearing on the motion for summary judgment. In support of her argument regarding Husband's alleged revival of the debt, Lender points to Husband's affidavits that were filed prior to the hearing on the motion for summary judgment. Thus, this evidence was also available.

Lender offers no reason as to why these arguments were not submitted to the court once the motion for summary judgment had been filed other than to say that only minimal discovery had been completed at that point in the case. As stated previously, Lender bore the burden of production to show that a genuine issue of material fact existed once Wife filed a properly supported motion for summary judgment. Lender should have raised the allegations of fraud and Husband's alleged revival of the debt at that point in the case because these allegations were readily discoverable and extremely important to her case. Parties have been "admonished repeatedly that [those] facing a summary judgment motion cannot rest on the mere allegations or denials in their pleadings but rather must respond with appropriate evidentiary materials demonstrating that there is a genuine issue for trial." *Bradley v. McLeod*, 984 S.W.2d 929, 932 (Tenn. Ct. App. 1998), *overruled on other grounds*

*by Harris*, 33 S.W.3d at 744. Accordingly, we conclude that the trial court did not err in denying the motion to alter or amend the order on these grounds because Lender failed to submit a valid reason as to why these allegations were not presented when they were discoverable and available prior to the hearing on the motion for summary judgment.

C.

Lender contends that the trial court erred in denying her motion to amend the complaint, which alleged that Wife's fraudulent concealment of the satisfaction of the FHA obligation should toll the running of the statute of limitations. Wife responds that denial of the motion to amend the complaint was appropriate because it was filed after the judgment of dismissal was entered. Wife asserts that the doctrine of judicial estoppel precluded amendment of the complaint.

The rule at issue here provides, in pertinent part, that "a party may amend [its] pleadings . . . by leave of court; and leave shall be freely given when justice so requires." Tenn. R. Civ. Pro. 15.01. While requiring leave to be freely given lessens the discretion of the trial court in granting or denying such motions, the court's grant or denial of a motion to amend the pleadings is still generally subject to an abuse of discretion standard. *Merriman v. Cont'l Bankers Life Ins. Co.*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

In determining whether to grant such a motion, the court must consider the following factors: "[u]ndue delay in filing; lack of notice to the opposing party; bad faith by the moving party; repeated failure to cure deficiencies by previous amendments[;] undue prejudice to the opposing party[;] and futility of amendment." *Merriman*, 599 S.W.2d at 559 (citing *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479 (6th Cir. 1973)). "Once a judgment dismissing a case has been entered, the plaintiff cannot seek to amend its complaint without first convincing the trial court to set aside its dismissal pursuant to" Rule 59 or 60 of the Tennessee Rules of Civil Procedure. *Lee v. State Volunteer Mut. Ins. Co., Inc.*, No. E2005-03127-COA-R3-CV, 2005 WL 123492, at *11 (Tenn. Ct. App. Jan. 21, 2005) (citations omitted); *see also Morris Properties, Inc. v. Johnson*, No. M2007-00797-COA-R3-CV, 2008 WL 1891434, at *2 (Tenn. Ct. App. 2008). Accordingly, we conclude that this issue is without merit because we have already concluded that the trial court did not err in denying the motion to alter or amend the order dismissing the case.

-11-

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellants, Carolyn L. Denton-Preletz and Carolyn L. Denton-Preletz, as Trustee of the Carolyn L. Preletz, Living Trust.

_____

JOHN W. McCLARTY, JUDGE