FILED

February 7, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 10:00 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| STEPHEN PARDY,<br>　　　　Employee, | ) Docket No. 2015-08-0656 |
| v. | ) |
| MEMPHIS CYCLES, INC. d/b/a<br>HONDA-YAMAHA OF MEMPHIS,<br>　　　　Employer, | ) State File No. 83040-2015 |
| And | ) Judge Allen Phillips |
| SENTRY INSURANCE CO.,<br>Insurance Carrier. | ) |

---

## COMPENSATION ORDER GRANTING EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

---

This matter came before the undersigned Workers' Compensation Judge on January 30, 2017, upon Memphis Cycles' Motion for Summary Judgment filed pursuant to Tennessee Rule of Civil Procedure 56. Memphis Cycles filed a Statement of Undisputed Facts and Memorandum of Law in support of its motion. Mr. Pardy filed a response to the motion that was not compliant with Rule 56.

The central legal issues are whether Memphis Cycles demonstrated to the Court either that it negated an essential element of Mr. Pardy's claim or that it demonstrated his evidence is insufficient to establish an essential element of his claim. For the following reasons, the Court finds Memphis Cycles has shown Mr. Pardy's evidence is insufficient to establish an essential element of his claim and, accordingly, holds it is entitled to summary judgment.

*Procedural History*

Mr. Pardy filed a Petition for Benefit Determination for an alleged back injury. After mediation failed to resolve the issues between the parties, the case proceeded to an

1

Expedited Hearing on September 28, 2016. Following the hearing, the Court, speaking through Judge Umsted, entered an "Expedited Hearing Order Denying Requested Benefits." on October 4, 2016.

On October 26, 2016, Memphis Cycles filed a Motion to Dismiss pursuant to Tennessee Compilation Rules & Regulations 0800-02-21-14(3). Mr. Pardy did not file a response. On December 12, 2016, tThe Court determined that Memphis Cycles should amend its Motion to Dismiss to comply with the standards set forth in *Syph v. Choice Food Grp., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 18 (Apr. 21, 2016).

Thus, on December 29, 2016, Memphis Cycles filed this Motion for Summary Judgment with the required supporting Statement of Undisputed Material Facts in accord with Tennessee Rule of Civil Procedure 56. The Court set the motion for a hearing on January 30, 2017. Mr. Pardy did not file a response compliant with Rule 56. However, on the morning of the hearing, he filed a response containing an argument in opposition to Memphis Cycles' motion.

### *Memphis Cycles' position*

Memphis Cycles argued that this Court, through Judge Umsted, ruled Mr. Pardy "failed to carry his burden of proof on causation due to the speculative nature of [his] testimony and his failure to submit medical proof." (T.R. 1 at 1.) Specifically, it argued Mr. Pardy's "own sworn statements support a finding that no work-related injury occurred as defined by the Statute." *Id.* at 2. Further, Mr. Pardy did not "submit any medical proof establishing the alleged work-related incident contributed more than fifty (50%) percent in causing his alleged medical conditions." *Id.*

Memphis Cycles cited *Cullum v. K-Mac Holding Corp. d/b/a Taco Bell*, 2014 TN Wrk. Comp. App. Bd. LEXIS 7 (Dec. 23, 2014), for the proposition that an employee's uncertain and non-specific testimony as to how he was injured will not support a finding of a compensable injury.

Memphis Cycles also argued, pursuant to *Payne v. D & D Elec., et al.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21 (May 4, 2016), that Mr. Pardy failed to produce "the requisite medical evidence establishing a causal connection between his current complaints and a work-related injury." (T.R. 1 at 10.) Because medical causation is an essential element of his claim, Mr. Pardy's failure to produce an opinion establishing it "requires entry of summary judgment in [Memphis Cycles'] favor." *Id.*

Finally, Memphis Cycles contended it is entitled to summary judgment because Mr. Pardy failed to file a proper response to both its Motion to Dismiss and its Motion for Summary Judgment. It argued in the alternative that if the Court does not grant summary judgment, it should dismiss Mr. Pardy's claim on the earlier Motion to Dismiss because

2

of his failure to file a response to that motion.

*Mr. Pardy's position*

Mr. Pardy argued that the Court must review the facts in a light most favorable to him. He added that he had "not been able to get a doctor to nail down causation."

In his only written response, titled "Memorandum of Law in Opposition to Motion for Summary Judgment" and filed the morning of the hearing, Mr. Pardy argued that the Court "is in possession of a transcript of the plaintiff's sworn testimony at the hearing [referring to an Expedited Hearing] which was conducted in Memphis before the Commission." (T.R. 3 at 2.) He argued he testified at the Expedited Hearing that, "he was injured while lifting his motorcycle at work." *Id.* He contended his "own testimony is sufficient to overcome the employee's [sic] motion for summary judgment in that there is a contested statement of fact." *Id.*

*Analysis*

Because a summary judgment motion is potentially dispositive, the Court must first consider Rule 4.01B. of the Practices and Procedures of this Court. That rule provides:

> If a dispositive motion is opposed, a response to the motion must be filed and served on all parties or their counsel, on or before thirty calendar days after the filing of the dispositive motion. The response shall be in writing and shall state with particularity the grounds for the opposition. If no opposition is filed, the dispositive motion will be considered unopposed.

Mr. Pardy filed a timely response, although filed on the actual day of the hearing. However, it did not state with particularity the grounds for his opposition but merely posited an argument. Hence, his response does not meet the requirements of Rule 4.01.B. So finding, the Court turns to whether Mr. Pardy's response is sufficient under Rule 56.

Motions for Summary Judgment are controlled by Rule 56 of the Tennessee Rules of Civil Procedure. *Payne*, at *7-8. Specifically, Rule 56.03 provides that a motion for summary judgment "shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." The statement must set out the facts in separate, numbered paragraphs and provide specific citations to the record of the case. Then, the party opposing the motion "must, not later than five days before the hearing, serve and file a response to each fact set forth by the moving party," either agreeing that the fact is undisputed or "demonstrating that the fact is disputed." *Id.*

3

Further, Rule 56.06 provides that if a motion for summary judgment is properly made and supported, "an adverse party may not rest on mere allegations or denials of the adverse party's pleadings, but his or her response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." *Id.* Moreover, "[i]f the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Id.* (Emphasis added).

In this case, Memphis Cycles submitted a Statement of Undisputed Material Facts in the required form. Mr. Pardy did not file a response within five days of the scheduled hearing in accordance with Rule 56. When he did file a response, he neither responded to "each fact" set forth by Memphis Cycles nor demonstrated any disputed fact. Instead, he relied upon what his attorney described as Mr. Pardy's own "sworn testimony," apparently referring to his testimony at the Expedited Hearing, in support of his argument "that there is a contested statement of fact." (T.R. 3 at 2.) Thus, procedurally, the Court finds Mr. Pardy failed to properly respond to the motion under Rule 56. It now turns to whether entry of summary judgment against him is appropriate. For the following reasons, the Court finds summary judgement is appropriate.

In so finding, the Court applies the following standard:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or,

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Payne*, at *8, *quoting* Tenn. Code Ann. § 20-16-101 (2016).

To demonstrate the insufficiency of Mr. Pardy's evidence to support his claim, Memphis Cycles set forth the following undisputed facts:

- Mr. Pardy admitted at the Expedited Hearing that he did not experience pain or problems at the time of his alleged injury sustained when loading a motorcycle; (citing the Expedited Hearing Order);
- Mr. Pardy did not feel pain or problems until late in the day on the alleged date of injury; (citing the Expedited Hearing Order);
- After moving the motorcycle, Mr. Pardy felt fine and nothing caused him to believe he injured his back at the time; (citing the Expedited Hearing Order);

4

- Mr. Pardy admitted his back pain may have been caused by work he performed on his own personal truck; (citing the Expedited Hearing Order);
- Mr. Pardy failed to produce any medical evidence establishing a causal connection between his employment and his alleged injury; and,
- The Court, in its Expedited Hearing Order, found, in pertinent part:
  Mr. Pardy's lay testimony as to causation was speculative as he did not dispute that he initially did not know what caused his back injury and admitted saying that he may have hurt his back while working on his truck. Based on Mr. Pardy's speculative testimony, and no corroborative expert medical testimony, the Court holds he is unlikely to prevail at a hearing on the merits on the issue of causation.

To successfully counter these undisputed facts, Mr. Pardy must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC,* 477 S.W.3d 235, 265 (Tenn. 2015). In so doing, he must do more than simply offer hypothetical evidence; he must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of his workers' compensation claim. *Id.* at 265. This Court must review any evidence submitted in the light most favorable to Mr. Pardy and draw all reasonable inferences in his favor. *Payne,* at *12, *citing Martin v. Norfolk S. Ry Co.,* 271 S.W.3d 76, 84 (Tenn. 2008).

Applying these directives, the Court finds Mr. Pardy produced no specific facts to lead the Court to find in his favor. Instead, he only offered an argument that "he was injured while lifting his motorcycle at work." (T.R. 3 at 2.) He did not cite the record regarding where such statement appeared. However, even if he had, this is in direct contravention to his testimony that this Court found speculative at the Expedited Hearing. Two sworn inconsistent statements by a party are of no probative value in establishing a disputed issue of material fact. *Price v. Becker,* 812 S.W.2d 597, 598 (Tenn. Ct. App. 1991). Stated another way, litigants cannot create material factual disputes by merely contradicting themselves at the summary judgment stage. *Church v. Perales,* 39 S.W.3d 149, 162 n.9 (Tenn. Ct. App. 2000). By restating facts that the Court has already found to be speculative, Mr. Pardy has not created a genuine issue of material fact.

Thus, under controlling authority, the Court finds Memphis Cycles has demonstrated the insufficiency of Mr. Pardy's evidence on an essential element of his claim, namely causation. To establish causation under Tennessee law, Mr. Pardy must show that his injury arose "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102 (14) (2016). This first requires proof that the injury was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2016). An injury arises primarily out of the

employment only if it has been shown by a preponderance of the evidence that the employment contributed more than 50% in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2016). Mr. Pardy has not demonstrated sufficient facts to create a genuine issue of material fact regarding the occurrence of a specific incident identifiable by time and place of occurrence.

Accordingly, the Court grants Memphis Cycles' Motion for Summary Judgment and dismisses Mr. Pardy's claim with prejudice. The Court taxes the filing fee of $150.00 to Memphis Cycles pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07, to be paid within five days of the entry of this Order. In addition, Memphis Cycles shall prepare and submit an SD-1 form within ten days of the date of this order.

**IT IS SO ORDERED.**

**ENTERED this the 7th day of February, 2017.**

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

Technical Record:

1. Employer's "Memorandum of Law in Support of Motion for Summary Judgment"
2. Employer's "Statement of Undisputed Facts"
3. Employee's "Memorandum of Law in Opposition to Motion for Summary Judgment"

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Compensation Hearing Order Granting Employer's Motion for Summary Judgment was sent to the following recipients by the following methods of service on this the 7th day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|------|------|------|------|
| John E. Dunlap, Esq., Attorney for Employee | | | X | Jdunlap00@gmail.com |
| Lee Ann Murray, Esq., Attorney for Employer | | | X | leeamurray@feeneymurray.com |

Penny Shrum

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

7